Amanda S. Reynolds, Esq. (#17393)
3 Harvard Drive
Woodbury, New York 11797-3302
Phone: (516) 838-0715
E-mail: amandasreynolds@gmail.com
Plaintiff, *Pro Se*

Received
2023 JAN 17 AM 8:19
CLERK
U.S. DISTRICT COURT

FILED
2023 JAN 19 AM 8:44
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| AMANDA REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>UTAH HIGHWAY PATROL, UTAH HIGHWAY PATROLMAN LANE HOOSER, LANE HOOSER, individually, and SANDY CITY ATTORNEY'S OFFICE, DOUGLAS JOHNSON, individually, McKAY HANKS, individually, JUDGE PAUL FARR, individually, JUDGE SYDNEY MAGID, individually, SANDY CITY JUSTICE COURT, UTAH DEPARTMENT OF PUBLIC SAFETY'S BUREAU OF INVESTIGATION, UTAH OFFICE OF THE ATTORNEY GENERAL, and the STATE OF UTAH.<br><br>Defendants. | **VERIFIED CLASS ACTION COMPLAINT**<br><br>Case: 2:23-cv-00034<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 01/17/2023<br>Case No.: Description: Reynolds v. Utah Highway Patrol et al<br><br>Judge: To Be Assigned |

Plaintiff, Amanda Reynolds, *pro se*, hereby complains against Defendants as follows upon information and belief, and demands a trial by jury:

1.   This action arises from a malicious prosecution stemming from Utah Highway Patrol Lane Hooser's intentionally improper traffic stop, illegal search and seizure, false arrest and false imprisonment that occurred on July 2, 2020 in Sandy City, Salt Lake County, Utah, in violation of Plaintiff's Constitutional Rights.

2.      Although Trooper Hooser had been suspended and admonished by the Utah Highway Patrol previously for untoward conduct and has been in this case, the Sandy City Attorney's Office persists in its prosecution.

3.      On June 30, 2022, the State Department of Public Safety's Bureau of Investigation destroyed the blood evidence sought by Plaintiff just one day after she requested the evidence for independent testing under Brady/Giglio. This clear misconduct and malicious prosecution gives rise to the present action.

### PARTIES

4.      Plaintiff, Amanda Reynolds, is a natural person presently residing in Nassau County, situated on Long Island, in the State of New York.

5.      The remaining Plaintiffs are comprised of a class of approximately 400 individuals believed to have been arrested by Utah Highway Patrol Trooper Lane Hooser, whose identities presently remain unknown, and who were also maliciously prosecuted as a result of the intentional, malicious and wrongful acts of Trooper Hooser.

6.      The individuals comprising this class are believed to be natural persons residing in the State of Utah or who were present in the State of Utah at the time and place of their respective arrests.

7.      At the time of her false arrest, Plaintiff was a resident of Sandy, Utah and thereafter resided in Kearns, Utah, in Salt Lake County.

8.      Defendant, Utah Highway Patrol of Salt Lake County, Section 4, maintains its principal place of business at 5681 South 320 West Murray, Salt Lake County, Utah.

9.      Defendant, Utah Highway Trooper Lane Hooser, Badge No. 512, was employed by the Utah Highway Patrol at the time of the occurrence.

10. Defendant, Utah Highway Trooper Lane Hooser presently resides in Utah.

11. Defendant, Sandy City Attorney's Office, maintains its principal place of business at 10000 Centennial Parkway, Sandy, Utah 84070.

12. Defendant Judge Paul C. Farr was the Judge who presided over the Justice Court case and was employed by Sandy City at all relevant times. He is a natural person believed to reside in Utah.

13. Defendant Judge Sydney Magid was the Judge who presided over the Justice Court case and was employed by Sandy City at all relevant times. She is a natural person believed to reside in Utah.

14. Defendant Sandy City Justice Court is the entity that elected jurisdiction over the underlying criminal matter.

15. Defendant Douglas Johnson is a natural person who resides in Utah and did so at all relevant times, who was employed by the Sandy City Attorney's Office at all relevant times.

16. Defendant McKay Hanks is a natural person who resides in Utah and did so at all relevant times, who was employed by the Sandy City Attorney's Office at all relevant times.

17. Defendant Utah Department of Public Safety Bureau of Investigation maintains its principal place of business at 3888 W. 5400 South, Taylorsville, UT 84129.

18. The Office of the Attorney General, State of Utah, maintains a principal place of business at 350 N. State Street, Suite 230, Salt Lake City, Utah 84114.

CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and of all others similarly situated, as a class action pursuant to the Federal Rules of Civil Procedure, Rule 23. The class that Plaintiff proposes to represent is composed of and defined as those individuals who were also arrested by

Trooper Lane Hooser for alleged DUI and/or drug-related arrests not properly founded upon probable cause, which violated the arrestees' Constitutionally protected rights. Plaintiff reserves the right to amend this class description with greater specificity or broader scope, or further division into subclasses.

20. Questions of law and fact are common to the class, including but not limited to: whether Defendants violated the class individuals' respective Constitutional rights in the same manner, fashion or with the same demonstrated modus operandi as he did in Plaintiff's specific case.

21. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action is appropriate for class action classification since: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

22. Though Plaintiff anticipates that Defendants will claim governmental immunity pursuant to statute, Plaintiff further contends that such immunity is unconstitutional or, in the very least, inapplicable in this case where Plaintiffs otherwise previously situated were denied class standing, as in the matters of <u>Romero v. Steed</u>, and <u>Harker v. Steed</u>, particularly where, as here, the questions of law and fact are common to the members of the class and predominate over any questions that may only affect individual members.

## **JURISDICTION**

23. The United States District Court for the District of Utah possesses jurisdiction over this matter as a Utah State Court of general jurisdiction under the Utah Constitution. The Complaint alleges questions of federal law rendering jurisdiction proper in this Honorable Court

and pertains to parties residing in separate states. Plaintiff, Amanda Reynolds, resides in New York and the Defendants reside in or maintain principal places of business in Utah. Plaintiffs' claims arise under the Federal Constitution and the Utah Constitution, and are not statutorily assigned to any other trial court.

## VENUE

24. The District Court is a proper venue based upon the parties' residence and/or principal places of business and the location of the occurrences.

25. A Notice of Claim was timely served upon Defendants on July 1, 2021 and supplemented on January 13, 2023.

## FACTS

26. On Thursday, July 2, 2020 at 11:29 P.M., Utah Highway Patrol Trooper Lane Hooser ("L. Hooser" or "Trooper Hooser") starts to pursue Plaintiff.

27. Utah Highway Patrol Trooper Lane Hooser first pulls Plaintiff over for allegedly speeding and failing to stay in one lane approximately two minutes later.

28. At 11:31:42 PM, Trooper Hooser begins speaking to Plaintiff.

29. Fifty-one seconds later, at 11:32:33 PM, Trooper Hooser accuses Plaintiff of drinking and asks her to perform Field Sobriety Tests.

30. Trooper Hooser then places Plaintiff, Amanda Reynolds, in handcuffs and in the patrol vehicle at 11:44:39.

31. At 11:51:57, Trooper Hooser begins reading the DUI Admonitions, including the Implied Consent Admonitions.

32. Trooper Hooser refused Plaintiff her right to an attorney upon request.

33. Trooper Hooser failed to timely advise Plaintiff of her Miranda Rights.

34. Trooper Hooser mishandled blood evidence, thereby resulting in its tainting and inadmissibility.

35. The Utah Department of State, Bureau of Investigations, subsequently destroyed the blood evidence one day after Plaintiff demanded same via a <u>Brady/Giglio</u> motion to the West Jordan District Court.

36. Despite this intentional destruction of the evidence, the Sandy City Attorney's Office refuses to dismiss the charges.

37. This case is not the first instance in which the Utah Highway Patrol, its employees and/or agents, are alleged to have violated arrestees' constitutional rights.

38. This case is not the first instance in which this specific Utah Highway Patrolman, Lane Hooser, is alleged to have violated arrestees' constitutional rights.

39. There lies an overarching failure in the Utah Highway Patrol's oversight of its employees, including its State Troopers, in properly overseeing, supervising, training, directing and controlling the actions of its State Troopers.

40. Since, in this case, Trooper Lane Hooser previously copied and pasted his arrest reports for various individuals, notwithstanding the diversity of facts, the claims are appropriately suited for class action.

41. Trooper Hooser's modus operandi with respect to his arrests and conduct in DUI cases renders class action appropriate here.

42. Trooper Hooser has arrested approximately 400 individual residents in the State of Utah for Driving Under the Influence arrests that are false arrests leading to malicious prosecutions.

43. Since Trooper Hooser was previously admonished and suspended by the Utah Highway Patrol, the Utah Highway Patrol is, it follows, on notice of his poor conduct.

44. The Utah Highway Patrol failed to, and continues to fail, to properly supervise, train and oversee its employees, including State Trooper Lane Hooser.

45. This failure to properly train, oversee, and supervise its employees resulted in damages to innocent Plaintiffs, including the cost of their defense, out-of-pocket expenses related to their defense, and tarnishment to their reputation, as well as the mental sequelae that results from injustice seething behind malicious prosecutions.

46. As the acts committed by these government actors were intentional, malicious and consciously executed, the acts are not negligent and the actors are not immune from suit.

47. As the actions committed by these government actors were intentional, malicious and consciously executed, they also were not acts performed within the scope of their employment. Accordingly, immunity is not cognizable in this case.

48. Plaintiff, hereby, commences legal action as a result of the malicious prosecution that has taken place over the course of two and a half years.

49. As a result of this malicious prosecution, Plaintiff lost her job, economic stability, and has been subject to costs and fees, including innumerable hours spent in her self-defense. These damages are innumerable and plentiful and cannot be restored without monetary compensation.

50. Plaintiff also seeks punitive and exemplary damages to correct the previously incorrigible behavior executed by Defendants.

51. Such punitive and exemplary damages serve the public interest and are necessary to deter Defendants' future conduct, since Defendants were not deterred merely by litigation previously.

## FIRST CAUSE OF ACTION
## FALSE ARREST & FALSE IMPRISONMENT

52. At the time and place of the alleged occurrence, Defendant Utah Highway Patrol, by Defendant Utah Highway Patrolman Lane Hooser, unjustifiably restrained and detained Plaintiff under asserted legal authority.

53. At the time and place of the alleged occurrence, Defendant Lane Hooser, unjustifiably restrained, detained and caused Plaintiff to be incarcerated under asserted legal authority.

54. Defendant Lane Hooser had no reasonable, just and legal grounds upon which to do so.

55. Defendant Lane Hooser's actions constitute false arrest and imprisonment of Plaintiff.

56. Defendant's actions caused Plaintiff damage.

57. Defendant's actions are the cause-in-fact of Plaintiff's damages.

58. Defendant's actions are the proximate cause of Plaintiff's damages.

## SECOND CAUSE OF ACTION
## BATTERY

59. Plaintiff realleges and reiterates those statements contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

60. Defendant, Lane Hooser, intended to, and did cause, Plaintiff harm via offensive contact.

8

61. Plaintiff was conscious of and aware of the Defendant's offensive contact.

62. Plaintiff did not consent to Defendant's offensive contact.

63. Defendant's contact constitutes battery.

64. Defendant's contact caused Plaintiff harm.

65. Defendant's battery was the cause-in-fact of Plaintiff's harm.

66. Defendant's battery is a proximate cause of Plaintiff's harm.

### THIRD CAUSE OF ACTION
### ASSAULT

67. Plaintiff realleges and reiterates those statements contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

68. Defendant, Lane Hooser, intended to, and did cause, Plaintiff harm via offensive conduct causing Plaintiff apprehension of bodily harm.

69. Plaintiff was conscious of and aware of the Defendant's offensive contact.

70. Plaintiff did not consent to Defendant's offensive contact.

71. Defendant's contact constitutes assault.

72. Defendant's contact caused Plaintiff harm.

73. Defendant's battery was the cause-in-fact of Plaintiff's harm.

74. Defendant's battery is a proximate cause of Plaintiff's harm.

### FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

75. Plaintiff realleges and reiterates those statements contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

76. Defendant Sandy City Attorney's Office, through the employ of Utah Highway Patrol and the Utah Department of Public Safety's Bureau of Investigation, Sandy City Justice

Court and its Judges, Defendants Sydney Magid and Paul Farr, commenced a criminal proceeding against the Plaintiff.

77. The criminal proceeding was tainted by the introduction of the tainted evidence mishandled by Defendants. Therefore, the criminal proceeding did not terminate in favor of Plaintiff and, to date, remains ongoing in West Jordan District Court.

78. The Defendants lacked probable cause.

79. Defendants' prosecution was commenced out of actual malice.

80. Defendants' prosecution remains pending in West Jordan District Court notwithstanding the foregoing facts and circumstances attendant thereto.

81. Accordingly, Defendants' prosecution is malicious.

82. Defendants' malicious prosecution caused Plaintiff damages.

83. Defendants' malicious prosecution was the cause-in-fact of Plaintiff's damages.

84. Defendant's malicious prosecution is the proximate cause of Plaintiff's damages.

## FIFTH CAUSE OF ACTION
## CONSPIRACY

85. Plaintiff realleges and reiterates those statements contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

86. By virtue of their governmental relationship, Defendants had a mutual agreement or understanding as to the facts and circumstances of Plaintiff's case, either spoken or unspoken;

87. Defendants knowingly entered into this mutual agreement to cover up, conceal, misrepresent, conflate and hide pertinent exculpatory evidence in this case and did so.

88. By virtue of the fact that Defendants knowingly did so, Defendants committed a crime.

89. This crime, since it is a crime that violates Plaintiff's constitutional rights, is a crime against the United States, namely, conspiracy to cover up malicious prosecution and false imprisonment and arrest of an ordinary citizen.

90. At least one representative of Defendants' respective agencies committed an act in furtherance of the conspiracy.

91. The affirmative acts of the Defendants and co-conspirators alleged herein, including destruction of the evidence and preclusion of Plaintiff's opportunity to independently test the evidence and Defendant's continued malicious prosecution of Plaintiff, were actively concealed and carried out in a manner that fostered evasion of detection.

## SIXTH CAUSE OF ACTION
## CHALLENGE TO CONSTITUTIONALITY OF UTAH STATUTE 63-G-201
## (IMMUNITY OF GOVERNMENTAL ENTITIES AND EMPLOYEES FROM SUIT)

92. Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

93. To the extent that Plaintiff anticipates Defendants may claim immunity from suit under Utah Statute 63-G-201 governing immunity of governmental entities and employees, Plaintiff asserts that the statute is unconstitutional.

94. To the extent that Plaintiff anticipates Defendants may claim immunity from suit under Utah Statute 63-G-201, Plaintiff contends the statute is inapplicable to Defendants.

95. To the extent that Plaintiff anticipates Defendants may claim immunity from suit under Utah Statute 63-G-201, Plaintiff contends that class status may not be given to an entire subsect of governmental actors in order to endow them with immunity where those governmental actors' actions or inactions are so dissimilar that class action would otherwise be denied to any other individuals claiming class status.

## SEVENTH CAUSE OF ACTION
## CHALLENGE TO CONSTITUTIONALITY OF UTAH STATUTE 41-6A-520
## (UTAH'S IMPLIED CONSENT STATUTE)

96. Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

97. Plaintiff contends that Utah's Implied Consent Statute is unconstitutional on its face.

98. Plaintiff further alleges that Utah's Implied Consent Statute violates the First, Fourth, Fifth and Sixth Amendments.

99. As Utah's Implied Consent Statute was applied to Plaintiff improperly, Plaintiff was caused to sustain damages.

100. Defendant's misapplication and application of Utah's Implied Consent Statute was the cause-in-fact of Plaintiff's damages.

101. Defendant's misapplication and application of Utah's Implied Consent Statute is a proximate cause of Plaintiff's damages.

## EIGHTH CAUSE OF ACTION
## DEFAMATION

102. Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

103. Defendants' statements constitute unjustified defamation of Plaintiff.

104. Defendants, collectively, published statements about Plaintiff to third persons and parties.

105. Defendants' statements are false.

106. Defendants' statements purport to be true.

107. Defendants' statements are defamatory.

108. Defendants' statements are not privileged.

109. Defendants' statements are published with the required degree of fault.

110. Defendants' statements caused damages to Plaintiff's reputation.

## NINTH CAUSE OF ACTION
## UNJUST ENRICHMENT

111.   Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

112.   As a result of Defendants' actions, Plaintiff was caused to incur various and continuing expenses paid to the State and its contractors.

113.   These payments constitute a benefit conferred on the State and on Defendants by Plaintiff.

114.   Defendants appreciate and have knowledge of the benefits bestowed.

115.   Defendants accepted and retained the benefit so as to make it inequitable for Plaintiff to retain the benefit without payment of its value.

## TENTH CAUSE OF ACTION
## VIOLATION OF DUE PROCESS

116.   Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

115.   Defendants' actions, collectively, constitute violations of Plaintiff's Federal and State Constitutional rights and give rise to questions of federal law.

116.   Defendants' unjustified traffic stop, search, detainment and incarceration of Plaintiff constituted violations of Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment Rights.

117.   Defendants' unjustified search of Plaintiff unreasonably denied her right to privacy against unreasonable searches and seizures in violation of the Fourth Amendment.

118.   Plaintiff did not consent to the search, expressly or impliedly, or to any search at any time.

## TWELFTH CAUSE OF ACTION
## FIRST AMENDMENT VIOLATIONS

119. Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

120. Plaintiff is endowed with the right to free speech pursuant to the First Amendment of the United States Constitution and to her inherent dignity as a human being.

121. Utah's Annotated Code 41-6a-520 violates the Constitution on its face.

122. Utah's Annotated Code Section 41-6a-520, "Implied Consent to Chemical Tests for Alcohol or Drug – Number of Tests – Refusal – Warning, report", violates the First, Fourth, Fifth and Sixth Amendments.

123. The Implied Consent Admonitions administered tandem to this Section also violate the Constitution.

124. Defendant's administration of this Code Section upon Plaintiff constitutes a violation of her Constitutional rights.

125. Plaintiff suffered damages as a direct result of Defendants' application of this unconstitutional law upon her, including: assault, battery, false arrest, false imprisonment, defamation, among others.

126. Defendant's application of this Statute constitutes the cause-in-fact and proximate cause of Plaintiff's injuries.

## TWELFTH CAUSE OF ACTION
## DOUBLE JEOPARDY VIOLATIONS

127. Plaintiff repeats and reiterates those statements contained in the foregoing paragraphs of the Complaint as though fully set forth herein.

128. Plaintiff is endowed with the right to be free from Double Jeopardy pursuant to of the United States Constitution and to her inherent dignity as a human being.

129. Plaintiff's case proceeded to trial in Sandy City Justice Court.

130. Although Plaintiff appealed her conviction, Sandy City Justice Court, and its Judge, Judge Paul C. Farr, refused Plaintiff the stay of her conviction pending appeal.

131. Plaintiff thus served her sentence while her case was being appealed via trial de novo in the West Jordan District Court.

132. Such transpirations comprise double jeopardy, which Plaintiff is inherently entitled to avoid pursuant to her Constitutional Rights.

133. Defendant's intentional, malicious and willful acts and/or omissions were the cause-in-fact of Plaintiff's damages, which she suffered.

134. Defendant's intentional, malicious and willful acts and/or omissions constitute the proximate cause of Plaintiff's damages.

## TOLLING OF STATUTE OF LIMITATIONS

135. Plaintiff filed a timely Notice of Claim upon certain Defendants on July 1, 2021, within the one year time period to do so according to statute.

136. At that time, due to the Defendant's delay of Plaintiff's right to a speedy trial, the trial had not yet taken place in this action.

137. On April 21, 2021, the case proceeded to trial in Sandy City Justice Court, a court not of record, and was found guilty of the charges.

138. Plaintiff then appealed via trial de novo to the West Jordan District Court.

139. No trial is presently scheduled in the matter pending in West Jordan District Court as the Court was advised for the first time on January 9, 2023, that Defendant, The Utah

15

Department of Public Safety's Bureau of Investigations, willfully and maliciously destroyed the Plaintiff's blood evidence prior to Plaintiff's independent inspection of said evidence.

140. The Statute of Limitations for commencing an action is tolled where the Defendant's needless and superfluous delay were the cause-in-fact for any delay in filing suit.

141. The underlying criminal matter, to date, remains pending in West Jordan District Court.

**INJURY**

142. But for the willful, malicious and intentional acts of Defendants, Plaintiff would not have been falsely arrested, falsely imprisoned and maliciously prosecuted in Sandy City Justice Court and West Jordan District Court.

143. Defendants' actions are the cause-in-fact of Plaintiff's damages.

144. But-for the affirmative acts of the Defendants, Plaintiff would not have lost her job, lost economic stability and income afforded to her from gainful employment, would not have been caused to lose her license and to execute her sentence, which she has, despite her perpetual pleas of innocence.

145. But-for the affirmative acts of the Defendants, Plaintiff would not have had to represent herself in the underlying criminal action and now, in this federal civil litigation pending before this Honorable Court; a defense that consumed the life of Plaintiff and prevented her from carrying out the tasks of daily life of an otherwise civic-minded individual, including participating in gainful employment and being free from persecution by the State and City of Utah; she would not have had to move cross-country from Utah back to New York, where she presently resides. Plaintiff would not have suffered unnecessary mental anguish and emotional sequelae attendant to reputational harm vis-à-vis this malicious prosecution conspired by Defendants.

**PRAYER FOR RELIEF**

146. As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages, including monetary damages, reputational damages and will be caused to suffer further damages in the future.

147. Wherefore, Plaintiff prays for monetary damages, punitive damages and dismissal of the Underlying Action pursuant to Utah Rule 65(b) governing Extraordinary Relief and all applicable federal and state laws, including the Constitution of the United States and the Utah State Constitution.

148. Plaintiffs further pray for such other and further relief as this Honorable Court deems just, proper, and equitable under the circumstances.

Dated this 17th day of January 2023
Woodbury, New York

BY: *Amanda S. Reynolds, Esq.*

Amanda S. Reynolds, Esq.
Plaintiff, *Pro Se*
Utah Bar No. 17393
NY State Bar No. 5009105
3 Harvard Drive
Woodbury, NY 11797
(516) 838-0715
amandasreynolds@gmail.com

## **VERIFICATION**

I, Amanda Reynolds, Plaintiff, *pro se*, hereby do affirm and attest that the statements contained in this Complaint are true and accurate to the best of my knowledge under penalty of perjury.

Dated:  this 17th day of January 2023
Woodbury, New York

                                                    BY: *Amanda S. Reynolds, Esq.*

                                                      Amanda S. Reynolds, Esq.
                                                      Plaintiff, *Pro Se*
                                                      Utah Bar No. 17393
                                                      NY State Bar No. 5009105
                                                      3 Harvard Drive
                                                      Woodbury, NY 11797
                                                      (516) 838-0715
                                                      amandasreynolds@gmail.com