IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMANDA REYNOLDS, <br><br> Plaintiff, <br><br> v. <br><br> UTAH HIGHWAY PATROL, et al., <br><br> Defendant. | AMENDED REPORT & RECOMMENDATION <br><br> Case No. 2:23-cv-00034-DAK-CMR <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). Before the court are two Motions to Dismiss or Stay (Motions) (ECF 28, 56). The first Motion was filed by Defendants Paul Farr, McKay Hanks, Douglas Johnson, Sydney Magid, the Sandy City Attorney's Office, and the Sandy City Justice Court (collectively, Sandy Defendants) (ECF 28). The second Motion was filed by Defendants Lane Hooser, the State of Utah, the Utah Department of Public Safety's Bureau of Investigation, the Utah Highway Patrol, and Utah Office of the Attorney General (collectively, State Defendants) (ECF 56). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned RECOMMENDS that the court GRANT IN PART Defendants' Motions and DISMISS the Complaint without prejudice.

**BACKGROUND**

The court granted pro se Plaintiff *in forma pauperis* status on January 19, 2023 (ECF 3), and the Complaint was entered on the same day (ECF 4). The Sandy Defendants filed their Motion on July 21, 2023 (ECF 28). State Defendants filed their Motion on September 5, 2023 (ECF 56). Plaintiff filed Responses to each Motion (ECF 30, 57), and the court did not receive any replies.

1

The Sandy Defendants' Motion asks this court to either stay or dismiss this case (ECF 28 at 5). The Motion cites to the *Younger* abstention doctrine and a trial scheduled for October 18, 2023 before Utah's Third District Court, Salt Lake County, West Jordan that relates to the case's underlying state criminal proceedings at the reason for the stay (*id.*). Alternatively, the Sandy Defendants argue the Complaint should be dismissed because the Sandy City Attorney's Office and Sandy Justice Court are entities not "amenable to suit," the alleged Section 1983 claims are barred by the *Heck* doctrine, absolute immunity, and/or qualified immunity, and because the Complaint fails to state a plausible claim (*id.* at 5–8).

The Motion filed by the State Defendants also asks for a stay of the case under the *Younger* abstention doctrine, or for the case to be dismissed for failing to plead adequate Section 1983 claims, failing to plead adequate constitutional claims, qualified immunity, or because the claims against State Defendants are barred by the Governmental Immunity Act of Utah, the statute of limitations, and for failing to comply with proper notice requirements (*id.* at 8–9). The State Defendants also incorporate any applicable arguments made by the Sandy Defendants (*id.* at 9).

Plaintiff's Responses were short and agreed with the stay or dismissal without prejudice (ECF 30, 57). Citing the trial scheduled for October 18, 2023, Plaintiff's Response to the Sandy Defendants' Motion asks the court to stay or to dismiss the case without prejudice (ECF 30 at 1). As to the State Defendants' Motion, Plaintiff asked the court to stay the case under the *Younger* abstention doctrine (ECF 57 at 1). Having evaluated the relevant briefings and filings, the court now turns to the arguments.

## **LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570) (2007)). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted* 2021 WL 76163 (D. Utah Jan. 8, 2021).

In undertaking this analysis, the court is mindful that Plaintiff is acting *pro se* and that her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). A *pro se* plaintiff also "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). Although the court must make some allowances for a *pro se* plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

## ANALYSIS

The scheduled State Court trial for the case's underlying criminal offenses mentioned in the Motions and the Responses has now presumptively passed, but the court has not received an update from the parties as to how, if in any way, the resolution of the case in State Court changes their respective positions. As to the Motions, the parties agreed that the case should have been stayed pending the trial, and at least as to the Sandy Defendants' Motion, that it could be dismissed. Given that the parties agreed that the disposition of the state criminal proceedings would be relevant to this case, and the parties' agreement that the case could be dismissed pending the resolution of the state proceedings, the court hereby RECOMMENDS that the court GRANT the Motions IN PART and DISMISS Plaintiff's Complaint without prejudice as to all Defendants. The court also RECOMMNEDS that Plaintiff be given thirty (30) days to file an amended complaint. Along with this recommendation, if Plaintiff decides to move forward with the lawsuit, the court directs Plaintiff to file an amended complaint consistent with the ruling of the state criminal trial.

## RECOMMENDATION

The undersigned therefore RECOMMENDS that the court GRANT IN PART Defendants' Motions to Dismiss in part pursuant to Rule 12(b)(6) and GRANT Plaintiff an opportunity to amend her Complaint within 30 days of the date of this Report and Recommendation. If she is able, Plaintiff shall file an amended complaint no later than January 5, 2024.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 December 2023.

                                                            _____
                                                            Magistrate Judge Cecilia M. Romero
                                                            United States District Court for the District of Utah