IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **AMANDA REYNOLDS,**<br><br>Plaintiff,<br><br>v.<br><br>**UTAH HIGHWAY PATROL, et al.,**<br><br>Defendants. | **ORDER AFFIRMING IN PART AND MODIFYING IN PART REPORT & RECOMMENDATION**<br><br>Case No. 2:23CV00034-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This case was assigned to United States District Court Judge Dale A. Kimball, who referred the case to United States Magistrate Judge Cecilia M. Romero under 28 U.S.C. § 636(b)(1)(B). On June 30, 2025, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the three pending motions to dismiss be granted, that the complaint be dismissed, and that Ms. Reynolds be given 45 days from the court's ruling to file a motion to amend her complaint.

Specifically, the Magistrate Judge recommends that the claims against Defendants Utah Highway Patrol (UHP), Utah Department of Public Safety's Bureau of Investigation (DPS), the Sandy City Attorney's Office, and Prosecutor Johnson be dismissed with prejudice and that the claims against Trooper Hooser and Ms. Barnes be dismissed without prejudice.

The Magistrate Judge's R&R notified the parties that any objection to the R&R must be filed within fourteen days. The court has not received an objection, and well over fourteen days

have passed.[1] "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate."[2] The court has reviewed the record and determined that the Magistrate Judge's R&R is sound and that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(a). The court therefore affirms and adopts the Magistrate Judge's recommendation that Ms. Reynolds' claims should be dismissed, but the court modifies whether certain claims are dismissed with or without prejudice, and the court also declines to permit Ms. Reynolds to file a motion to amend her complaint.

Specifically, Ms. Reynolds' claims against UHP and DPS are dismissed based on Eleventh Amendment sovereign immunity, and because the court does not have jurisdiction over those claims, they must be dismissed *without* prejudice. As recommended by the Magistrate Judge, the claims against Sandy City and Prosecutor Johnson, however, are dismissed with prejudice. And while the Magistrate Judge recommended dismissing the claims against Trooper Hooser and Ms. Barnes without prejudice, the court dismisses them *with prejudice.*

In addition, the court declines to allow Ms. Reynolds to file a motion to amend her complaint within 45 days of this order. First, the Local Rules of Practice prohibit parties from making a motion "in a response or reply" and instead, "[a]ny motion must be separately filed."[3] Ms. Reynolds did not file a separate motion but rather made the request within her opposition

---

[1] It appears that, instead of objecting to the R&R, Ms. Reynolds filed a Notice of Appeal. *See* Notice of Appeal, ECF No. 92. There is, however, no final order from which to appeal.

[2] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150, (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

[3] DUCivR 7-1(a)(3).

2

memorandum. Moreover, in requesting leave to amend, Ms. Reynolds did not provide a proposed amended complaint, which is also required by the Local Rules of Practice.[4] The Tenth Circuit has found that a district court does not abuse its discretion in denying leave to amend when a plaintiff fails to file a motion to amend.[5]

Second, Ms. Reynolds has already been given an opportunity to amend her complaint after Defendants had fully briefed their motions to dismiss. Specifically, Ms. Reynolds filed her initial Complaint approximately 30 months ago, on January 19, 2023.[6] The Sandy Defendants filed a motion to dismiss on July 21, 2023.[7] The State Defendants filed a motion to dismiss or stay.[8] The Magistrate Judge issued an R&R on those motions to dismiss on December 6, 2023, dismissing Ms. Reynolds' complaint without prejudice as to all Defendants. The Magistrate Judge recommended giving Ms. Reynolds 30 days to file an Amended Complaint.[9]

This court adopted the Report and Recommendation, except that it provided Ms. Reynolds with even more time than the Magistrate Judge had recommended to file an Amended Complaint.[10] This court gave Ms. Reynolds her 30 days after her underlying state criminal case was fully resolved to file an Amended Complaint.[11] Approximately 8 months after the court

---

[4] DUCivR 15-1(a).

[5] *See Garman v. Campbell Cnty Sch. Dist. No. 1*, 640 F.3d 977, 986 (10th Cir. 2010).

[6] ECF No. 4.

[7] ECF NO. 28.

[8] ECF No. 56.

[9] ECF No. 60 at 4.

[10] ECF No. 63.

[11] *Id.*

issued that order, and after her criminal case had been fully resolved in the state court, Ms. Reynolds filed her amended complaint.[12]

Third, as pointed out in the Magistrate Judge's R&R, Ms. Reynolds is a licensed attorney—not a typical pro se individual with no training in the law. The Tenth Circuit "has repeatedly declined to extend the benefits of liberal construction to pro se pleadings filed by attorneys who have chosen to represent themselves."[13] Ms. Reynolds has had two opportunities to assert her claims, and the various Defendants have spent significant time and presumably incurred significant expense in defending against her lawsuit.  At this juncture, over 2½ years after the initial complaint was filed, it would be unduly prejudicial to Defendants to allow Ms. Reynolds yet another opportunity to assert claims against them.

Fourth, it is likely that any amendment would be futile. Given the factual scenario that has been alleged, it is unclear what claims Ms. Reynolds could viably assert in another amended complaint. Fifth, it does not appear that Ms. Reynolds intended to file another amended complaint, given that she immediately appealed the Magistrate Judge's R&R to the Tenth Circuit Court of Appeals instead of filing objections to the R&R.

Accordingly, the court AFFIRMS IN PART AND MODIFIES IN PART the Magistrate Judge's R&R (ECF No. 91). The Sandy Defendants' Motion to Dismiss [ECF No. 71] is GRANTED, the State Defendants' Motion [ECF No. 72] is GRANTED, and Ms. Barnes' Motion to Dismiss [ECF No. 86] is GRANTED. All claims are dismissed with prejudice, except that the claims against the State

---

[12] ECF No. 66. In her amended complaint, Ms. Reynolds changed some of the defendants, removing some and adding others.

[13] *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1286, p. 752 (3d ed. 2004)).

Defendants are dismissed without prejudice because the court lacks jurisdiction over those claims. Ms. Reynolds' action is therefore DISMISSED, and judgment will be entered accordingly.

DATED this 4th day of August 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge